# United States District Court

__SOUTHERN__ DISTRICT OF __NEW YORK__

BARBARA HAUPTMAN, HARRIET SLAUGHTER, MARIA DIDIA,
ELIZABETH MCCANN, HARRY H. WEINTRAUB, SUE LAWLESS,
and STEPHEN ROTHMAN in their capacity
as Trustees of the SSDC League Pension Plan,

**SUMMONS IN A CIVIL CASE**

V.

CASE NUMBER: BUCHWALD

EDWARDS ENTERTAINMENT GROUP,

05 CV 1459

TO: (Name and address of defendant)

Edwards Entertainment Group
2041 Locust Street
Philadelphia, PA  19103

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Pryor, Cashman, Sherman & Flynn
Joshua Zuckerberg, Esq.
410 Park Avenue, 10th Fl.
New York, New York 10022

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

FEB - 4 2005

CLERK

_Melanie L. Lopez_ (signature)

DATE

(BY) DEPUTY CLERK

PRYOR CASHMAN SHERMAN & FLYNN LLP
410 Park Avenue
New York, New York 10022-4441
(212) 421-4100
Attorneys for Plaintiffs

RONALD H. SHECHTMAN (RHS 1993)
JOSHUA ZUCKERBERG (JZ 9466)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X

BARBARA HAUPTMAN, HARRIET SLAUGHTER, MARIA DIDIA, ELIZABETH MCCANN, HARRY H. WEINTRAUB, SUE LAWLESS, and STEPHEN ROTHMAN in their capacity as Trustees of the SSDC League Pension Plan,

          Plaintiffs,

  -against-

EDWARDS ENTERTAINMENT GROUP,

          Defendant.
------------------------------X

**COMPLAINT**

Plaintiffs, BARBARA HAUPTMAN, HARRIET SLAUGHTER, MARIA DIDIA, ELIZABETH MCCANN, HARRY H. WEINTRAUB, SUE LAWLESS, and STEPHEN ROTHMAN, in their capacity as Trustees of the SSDC-League Pension Plan, by their attorneys, Pryor Cashman Sherman & Flynn LLP, as and for their Complaint against defendant, Edwards Entertainment Group ("Edwards" or the "defendant"), state as follows:

**JURISDICTION AND VENUE**

1.    This action arises under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and/or Sections 502(a)(3), (g)(2), and 515 of the Employee

403749v2

Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(a)(3), (g)(2), and 1145.

2. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 185(c), and/or 29 U.S.C. §§ 1132(e)(1) and (f).

3. Venue in this judicial district is proper under the provisions of 29 U.S.C. § 185(a) and/or 29 U.S.C. § 1132(e)(2) because (i) a substantial part of defendant's acts and omissions giving rise to the Complaint occurred in the judicial district, and (ii) the involved employee benefit plan is administered in this judicial district.

## PARTIES

4. Barbara Hauptman, Harriet Slaughter, Maria DiDia, Elizabeth McCann, Harry H. Weintraub, Sue Lawless, and Stephen Rothman are Trustees (the "Trustees") of the SSDC-League Pension Plan (the "Fund"). The Trustees of the Fund are the "plan sponsor" within the meaning of Section 3(16)(B)(iii) of ERISA, 29 U.S.C. § 1002(16)(B)(iii). The Trustees are "fiduciaries" of the Fund as defined by Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

5. The Fund is an "employee benefit plan" and a "multi-employer plan" within the meaning of Sections 3(3) and (37) of ERISA, 29 U.S.C. §§ 1002(3) and (37). The Fund has been established pursuant to the terms of various collective bargaining agreements between the Society of Stage Directors and Choreographers union (the "SSDC") and various employers who are required to make contributions to the Fund on behalf of their employees covered by the collective bargaining agreements. The Fund provides pension benefits to covered employees, retirees and their beneficiaries. The Fund is operated pursuant to the terms of a written Agreement and Declaration of Trust (the "Trust Agreement").

6. The Fund maintains an office and is administered at 1501 Broadway, Suite 1701, New York, New York 10036.

2

7. Upon information and belief, defendant is a Pennsylvania corporation which maintains its principal place of business at 2041 Locust Street, Philadelphia, PA 19103. Defendant is an "employer" within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

## FACTS

8. Defendant entered into a contract, dated March 18, 2003, to engage the services of SSDC member Walter Dallas as a Director and Choreographer for the theatrical production of "Sparkle" (the "Contract").

9. The Contract incorporates the terms of an SSDC collective bargaining agreement entitled the SSDC/Non Equity Touring Agreement (the "CBA").

10. Both the CBA and the contract require the defendant to make contributions on behalf of Mr. Dallas to the SSDC League Pension Fund in the amount of $1,800.00 by May 19, 2003.

11. By letters dated July 22, 2004, September 21, 2004, November 1, 2004, and November 10, 2004, the Fund and its counsel wrote to defendant demanding the contractually required contributions.

12. Defendant has refused to make the appropriate pension contributions.

13. The Trust Agreement authorizes the Trustees to bring legal action to enforce an employer's contribution obligations to the Fund, and to recover from an employer who has failed to make required contributions to the Fund any costs and expenses incurred in effectuating or collecting such delinquent payments (including, but not limited to, arbitration expenses, attorney's fees and court costs).

14. The Trust Agreement authorizes the Trustees to charge an employer interest in the event the employer fails to make required contributions on a timely basis at the greater of (a)

twelve (12%) percent per annum, or (b) the then current prime interest rate plus one (1%) percent per annum.

15. The Trust Agreement authorizes the Trustees to charge an additional amount as liquidated damages, as provided in Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), which sum is the greater of (a) an amount equal to the interest on the unpaid contributions, as described above, or (b) an amount equal to twenty (20%) percent of the unpaid contributions.

16. Defendant is subject to and bound by the Trust Agreement for the Fund, as well as all of the decisions of the Trustees.

## FIRST CLAIM FOR RELIEF

17. Plaintiffs repeat and reallege each of the allegations contained in paragraphs "1" through "16" of this Complaint, inclusive, as if set forth herein in their entirety.

18. Defendant has failed and refused to make the required contribution payments to the Fund, on the date those payments were due or at any time thereafter.

19. There is presently due and owing from defendant to the Fund the principal amount of contributions due and unpaid in the total amount of $1,800.00.

20. By failing to make contributions as and when required, defendant has breached the CBA and the Trust Agreement in violation of Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

21. By failing to make contributions as and when required, defendant is indebted to the Fund in the total amount of $1,800.00 plus accrued interest at the rate of twelve percent (12%) per annum, liquidated damages in the amount of the greater of (a) an amount equal to the interest on the unpaid contributions, as described above, or (b) an amount equal to twenty percent (20%) of the unpaid contributions as specified herein, plus such additional sums for

interest and liquidated damages as will accrue until such sums are paid in full, together with the costs, disbursements and legal fees incurred with respect to the collection of such amounts.

## SECOND CLAIM FOR RELIEF

22. Plaintiffs repeat and reallege each of the allegations contained in Paragraphs "1" through "21" of this Complaint, inclusive, as if set forth herein in their entirety.

23. Section 515 of ERISA, 29 U.S.C. § 1145, requires "[e]very employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collectively bargained agreement shall to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."

24. By failing to make contributions as and when required in accordance with the CBA and the Trust Agreement, defendant has violated Section 515 of ERISA, 29 U.S.C. § 1145.

25. By failing to make contributions as and when required, defendant is indebted to the Fund, pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), in the total amount of $1,800.00 plus accrued interest at the rate of twelve percent (12%) per annum, liquidated damages in the amount of the greater of (a) an amount equal to the interest on the unpaid contributions, as described above, or (b) an amount equal to twenty percent (20%) of the unpaid contributions as specified herein, plus such additional sums for interest and liquidated damages as will accrue until such sums are paid in full, together with the costs, disbursements and legal fees incurred with respect to the collection of such amounts.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs demand judgment against defendant as follows:

(a) ordering defendant to pay the total amount of $1,800.00 for unpaid contributions due to the SSDC-League Pension Plan, twelve percent (12%) per annum from the time each of said unpaid contributions were due until such principal sum shall be paid in full,

5

along with liquidated damages in an amount which is the greater of (a) an amount equal to the interest on the unpaid contributions, or (b) an amount equal to twenty percent (20%) of the unpaid contributions, in addition to costs, disbursements, and reasonable attorneys' fees incurred; and

       (b)    for such other and further relief as to this Court shall seem just and proper.

Dated:   New York, New York
              January 31, 2005

PRYOR CASHMAN SHERMAN & FLYNN LLP

By: _____
Joshua Zuckerberg (JZ 9466)
Attorneys for Plaintiffs
410 Park Avenue
New York, NY 10012-4441
(212) 421-4100

To:   Edwards Entertainment Group
       2041 Locust Street
       Philadelphia, PA 19103